NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7152

MICHAEL R. BAXENDALE,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was David J. Barrans, Deputy Assistant General Counsel.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2007-7152

MICHAEL R. BAXENDALE,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: October 19, 2007

_____

Before LOURIE, GAJARSA, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Michael R. Baxendale appeals a December 13, 2006, decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial of an earlier effective date for a 100% disability rating for Mr. Baxendale's service-connected post-traumatic stress disorder ("PTSD"). <u>Baxendale v. Nicholson</u>, No. 04-2492 (Vet. App. Dec. 13, 2006). We <u>dismiss</u> for lack of jurisdiction.

## I. BACKGROUND

Mr. Baxendale served on active duty in the United States Marine Corps from February 1969 to August 1970. In August 1991, the Department of Veterans Affairs

("VA") regional office ("RO") awarded Mr. Baxendale a disability rating of 50% for service-connected PTSD. On January 4, 1993, the VA received a letter from Mr. Baxendale's attorney, requesting an increased disability rating for Mr. Baxendale. In a December 1995 decision, the RO increased Mr. Baxendale's disability rating to 100%, effective January 4, 1993. On February 5, 1996, the RO received a notice of disagreement from Mr. Baxendale's attorney seeking an earlier effective date for the 100% disability rating pursuant to 38 U.S.C. § 5110(b)(2), which allows for an effective date up to one year prior to the filing of the claim if it is ascertainable that an increase in disability had occurred at that earlier date. In response, the Board of Veterans' Appeals ("Board") awarded Mr. Baxendale an effective date of August 17, 1992, based on a psychiatrist's memorandum of the same date that stated Mr. Baxendale "should not work because any change in his stress level would seriously harm his tenuous emotional state."

Seeking an even earlier effective date, Mr. Baxendale twice appealed to the Veterans Court, which remanded each time for the Board to consider the VA's compliance with the Veterans Claim Assistance Act of 2000 ("VCAA"), Pub. L. No. 106-475, 114 Stat. 2096. Baxendale v. Principi, 18 Vet. App. 7 (2001); Baxendale v. Principi, 18 Vet. App. 419 (2003).

In a decision dated October 29, 2004, the Board held that it was not necessary for the VA to obtain a medical opinion to determine whether an increase in Mr. Baxendale's disability was factually ascertainable in the year prior to the filing of his claim because "the evidence of record was 'sufficient to establish the necessary factual basis' for [its] conclusions" and any opinion rendered fourteen years after the claim was

filed would be "purely speculative." The Veterans Court affirmed the Board, in a decision dated December 13, 2006, and issued judgment January 5, 2007. Mr. Baxendale now appeals to this court.

## II. DISCUSSION

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006). We review questions of statutory and regulatory interpretation de novo. Summer v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Baxendale argues that the Veterans Court "misinterpreted" 38 C.F.R. § 3.103(a) by finding that the VA was not required to assist the development of his claim for an earlier effective date for his 100% disability rating by obtaining a medical opinion regarding whether his disability increased in severity prior to August 17, 1992. Under section 3.103(a), the VA is required to "assist a claimant in developing facts pertinent to the claim." According to Mr. Baxendale, the Veterans Court should have remanded to the Board with instructions to "develop facts pertinent" to whether it was

"factually ascertainable" that Mr. Baxendale's post traumatic stress disorder increased in severity prior to August 17, 1992. This would have included obtaining a "retrospective" medical opinion concerning whether his disability increased in severity prior to August 17, 1992.

The Board, however, already determined that, given the now fifteen-year time lapse, it is not factually ascertainable whether Mr. Baxendale's disability increased in severity between January 4, 1992 and August 17, 1992.[1] In fact, the Board stated that any retrospective medical opinion regarding that issue would be "purely speculative." Thus, Mr. Baxendale is essentially challenging the Board's determination that it is not factually ascertainable whether his disability increased in severity prior to August 17, 1992. That, however, is a factual determination over which this court lacks jurisdiction. See 38 U.S.C. § 7292(d)(2).

## III. CONCLUSION

Because Mr. Baxendale's appeal challenges only factual determinations made by the Board, we dismiss for lack of jurisdiction.

No costs.

---

[1] Section 5110(b)(2) of Title 38 of the United States Code authorizes an effective date up to one year prior to the filing of the claim for an increased disability rating. In this case, Mr. Baxendale's claim was filed on January 4, 1993. Accordingly, the earliest effective date Mr. Baxendale could be awarded under § 5110(d)(2) is January 4, 1992.